# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY ARNEZ GOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 20-1061-JDT-cgc |
| | ) | |
| JEREMY B. EPPERSON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DISMISSING CASE WITHOUT PREJUDICE, DENYING AS MOOT MOTION TO APPOINT COUNSEL, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On March 16, 2020, the *pro se* Plaintiff, Gregory Arnez Goff, who is incarcerated at the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed a civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Goff submitted the necessary information, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) Goff sues Jeremy B. Epperson and George M. Googe, Public Defenders appointed to represent him in his state-court criminal proceeding.

Goff alleges that Epperson failed to provide him with effective assistance of counsel. Specifically he alleges Epperson failed to file any motions on Goff's behalf, failed to subpoena the witnesses Goff requested, failed to respond to Goff's letters, and failed to withdraw from the case as Goff instructed. (ECF No. 1 at PageID 2.) Goff further alleges Epperson conspired with the prosecutor for an unspecified purpose. (*Id.*) He states that instead of defending him, Epperson

and Googe "implicated me in the crime I was charged with." (*Id.*) Though he filed his complaint on the form used for commencing a federal civil rights action, Goff specifically asserts that his claim against the Defendants in this case is for legal malpractice. (*Id.*)

Goff seeks compensatory damages and asks for the Defendants to be removed as his attorneys in the criminal proceeding. (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint─

>   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

This Court does not have subject matter jurisdiction over Goff's malpractice claim, which arises solely under Tennessee law. "Federal courts are courts of limited jurisdiction. Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008); *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (jurisdiction of the federal courts "is not to be expanded by judicial decree"). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

"A party seeking to invoke the jurisdiction of the federal courts . . . bears the burden of establishing that such jurisdiction exists." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (per curiam). Rule 8(a)(1) of the Federal Rule of Civil Procedure requires that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." In addition, Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

3

There are two kinds of federal jurisdiction. First, the federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As Goff clearly states that he is suing the Defendants for legal malpractice under Tennessee law, there is no federal question jurisdiction in this case.

Second, federal jurisdiction may be based on diversity of citizenship, meaning it applies to cases between "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity of citizenship is present where the plaintiff is a citizen of one state and all of the defendants are citizens of other states, plus the amount in controversy in the case is more than $75,000. *See Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013).

Goff has not alleged that diversity of citizenship is present in this case. Though he indicates he is a resident of Tennessee and that the Defendants work in Tennessee,[1] he does not allege either his own citizenship or that of the Defendants.[2] Therefore, the Court does not have jurisdiction to hear Goff's legal malpractice claim.

Accordingly, this case is hereby DISMISSED WITHOUT PREJUDICE in its entirety for lack of subject matter jurisdiction. Plaintiff's motion to appoint counsel is DENIED as moot. (ECF No. 6.)

---

[1] Despite his incarceration, Goff gave his home address in the complaint as Jackson, Tennessee. (ECF No. 1 at PageID 2.) He also indicates the Defendants' office address is in Jackson. (*Id.*)

[2] Alleging that one currently resides in a particular state is not the same as alleging that one is a citizen of that state. Citizenship is based on domicile, which requires that a person "be physically present in the state *and* must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002) (emphasis added). Goff does not allege that his domicile is in a state other than Tennessee notwithstanding the fact he resides here.

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), it is CERTIFIED that any appeal by Goff would not be taken in good faith. If Goff nevertheless files a notice of appeal and wishes to pay the $505 appellate filing fee using the installment procedures of the PLRA, 28 U.S.C. §§ 1915(a)-(b), he also must submit an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE